UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RHONDA PERRY C/O A.P.,

                Plaintiff,

- against -

POLICE OFFICER JULIUS HUDSON (SH: 20692),
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,

                Defendants.
------------------------------------------------------------------X

SUMMONS ISSUED

**COMPLAINT**

**CV12-4823**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

AMON, CH.J.

AZRACK, M.J.

Plaintiff, by his attorneys, **NASS & ROPER LAW, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### IN NEGLIGENCE

1.    That the damages sought herein exclusive of interest, costs, and disbursements exceed $75,000, and that this action is being commenced within the time allowed by law for institution of the action.

2.    That at all times herein mentioned, Plaintiff, **AARON PERRY**, was, and still is a resident of Kings County, City and State of New York.

3.    That upon information and belief and at all times herein mentioned, an individual known as **POLICE OFFICER JULIUS HUDSON** was employed as a Police Officer by the NEW YORK CITY POLICE DEPARTMENT, with Shield Number "20692," and was assigned to and worked at the "84th Precinct," which had Police headquarters located at 301 Gold Street, Brooklyn, NY 11201.

4.    That, upon information and belief, at all times herein mentioned, "**POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**," fictitious names whose identity is currently unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents

and/or employees of the NEW YORK CITY POLICE DEPARTMENT, an agency, department and/or subsidiary of CITY OF NEW YORK.

5. That, upon information and belief, at all times herein mentioned, the individuals **POLICE OFFICER JULIUS HUDSON and "POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,"** as well as other Police Officer(s), Detectives, and/or other agents and/or employees of NEW YORK CITY POLICE DEPARTMENT, underwent a training program in order to become Police officers, detectives, and/or agents and employees of CITY OF NEW YORK that included the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, and when, if ever, violent physical force is warranted.

6. That on or about September 23, 2011, at approximately 8:10 am, while Plaintiff, **AARON PERRY**, was in the vicinity of 138 Lawrence Street, County of Kings, City and State of New York, he was attacked by a group of kids inside a convenience store at the same location.

7. Plaintiff, **AARON PERRY**, is a student at Freedom Academy High School and is enrolled in special education classes. Plaintiff attempted to defend himself from his attackers, and he reached in his pocket for a cell phone so that he could call his mother but was forced to use the cell phone to defend himself.

8. That on or about September 23, 2011, at the above-mentioned time and location, Plaintiff succeeded in defending himself from the two main aggressors in the incident, and he and the assailants all ran away; one being Dorian Green.

9. That on or about September 23, 2011, at approximately 1:45 pm, Plaintiff, **AARON PERRY**, was arrested at his home at 249 Tompkins Avenue, in Brooklyn, NY, by Defendants, **POLICE OFFICER JULIUS HUDSON and "POLICE OFFICER**

2

**JOHN/JANE DOE(S) #'S 1-3**, against his will and without his consent, brought to the 84th Precinct, and charged with Reckless Endangerment in the first degree, Assault in the second degree, Menacing in the second degree, Criminal Possession of a Weapon in the fourth degree and Attempted Disorderly Conduct.

10. That the aforesaid acts and/or omissions of the Defendants, **POLICE OFFICER JULIUS HUDSON and "POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** resulted in the unlawful and unconsented touching of Plaintiff's, **AARON PERRY**, body by Defendants', constituting unconsented contact, intentional infliction of emotional distress, negligence, carelessness, negligent supervision, negligent entrustment of Police Officers, Detectives, and/or other agents and/or employees, who couched their activities, trust by Plaintiff and the general public, and Plaintiff's cooperation under the guise of official Police business, when in fact and while performing their duties, they abused their power and exerted excessive and unwarranted force upon Plaintiff, all of which was totally without Plaintiff's consent, resulting in psychological trauma resulting in permanent psychiatric residuals, manifestations and overlay with periods of depression, feelings of worthlessness, lessening of self-esteem, which will have life long effects upon Plaintiff including but not limited to his ability to resume a normal and productive life, special damages, and loss of enjoyment of life, all of which are set forth in detail the enumerated causes of action set forth hereinbelow.

11. That Defendants, **POLICE OFFICER JULIUS HUDSON and "POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** were careless, reckless, and negligent under the circumstances in the following manner but not limited thereto: In failing to avoid the happening of the incident involved herein; in failing to heed warnings; in failing to monitor the subject situation; in negligently conducting police duties; in failing to understand the reason a

3

witness may want to talk to the police when they themselves are the aggressor, and all of defendants acts and/or omissions constituting negligence were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

12. That by reason of the foregoing negligence on behalf of Defendants, **POLICE OFFICER JULIUS HUDSON and "POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, Plaintiff, **AARON PERRY,** has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **AARON PERRY**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR FALSE ARREST

13. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

14. That, at the above-mentioned date and location, after the above-described physical altercation, Plaintiff was handcuffed by Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** and placed in a Police Vehicle and taken to the 84th Precinct office of the NEW YORK CITY POLICE DEPARTMENT, located at 301 Gold Street, Brooklyn, NY 11201, but was never read his *Miranda* rights and was not informed that criminal charges were to be brought against him.

15. That Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** arrested Plaintiff, **AARON PERRY,** and charged

4

him with Reckless Endangerment in the first degree, Assault in the second degree, Menacing in the second degree, Criminal Possession of a Weapon in the fourth degree and Attempted Disorderly Conduct and then confined him in a prison cell, despite the fact that Plaintiff never used a weapon of any kind, never menaced anyone and was in fact the victim of a physical assault and battery by Dorian Green and another assailant and only attempted to defend himself against them.

16. That on or about September 23, 2011, at approximately 1:45 p.m., the individuals **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** as well as other Police Officer(s), Detectives, and/or other agents and/or employees of the NEW YORK CITY POLICE DEPARTMENT, and/or CITY OF NEW YORK accused and arrested plaintiff, **AARON PERRY,** of having committed a criminal act(s), to wit: Reckless Endangerment in the first degree, Assault in the second degree, Menacing in the second degree, Criminal Possession of a Weapon in the fourth degree and Attempted Disorderly Conduct, well knowing that Plaintiff committed no such criminal act(s) and knowing that no weapon was recovered or even believed to have been used during the commission of the alleged charges.

17. That, upon information and belief, on or about September 23, 2011, Plaintiff, **AARON PERRY,** was detained initially at the 84th Precinct office of the NEW YORK CITY POLICE DEPARTMENT, located at 301 Gold Street, Brooklyn, NY 11201, where he remained in custody for approximately twenty-four (24) hours.

18. That, upon information and belief, on or about September 24, 2011, Plaintiff, **AARON PERRY,** was arraigned, Plaintiff pled "not guilty" to the criminal charges against him, to wit: Reckless Endangerment in the first degree, Assault in the second degree, Menacing in the second degree, Criminal Possession of a Weapon in the fourth degree and Attempted Disorderly

Conduct and Plaintiff was released upon his own recognizance with a Court date set for a date in October of 2011, before the Kings County Criminal Court.

19. That, upon information and belief, Plaintiff, **AARON PERRY**, returned to the Kings County Criminal Court on approximately six (6) different court appearances before all charges against him were dismissed on March 30, 2012.

20. That, under the circumstances herein, the Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** falsely arrested, Plaintiff, **AARON PERRY** and he sustained emotional overlay, stress, anxiety, humiliation, embarrassment, tension and that as a result of the foregoing, the Plaintiff, **AARON PERRY**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR FALSE AND UNJUST DETENTION

21. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

22. That as a result of the foregoing, Plaintiff **AARON PERRY** was held and detained by Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** of the NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK against his will and without just or any cause and that the foregoing constitutes false and unjust detention of plaintiff.

23. That as a result of the foregoing negligence on behalf of Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** of

the NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK, Plaintiff, **AARON PERRY**, has sustained damages for serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR MALICIOUS PROSECUTION

24. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

25. That as a result of the foregoing, Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** of the NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK, instituted and maintained charges against plaintiff, **AARON PERRY**, when defendants knew that said charges were baseless, without merit or justification.

26. That the criminal proceeding against Plaintiff **AARON PERRY** terminated in favor of Plaintiff, **AARON PERRY** when the charges were dismissed on or about March 30, 2012.

27. That the Defendants herein, instituted and/or encouraged criminal prosecution of Plaintiff, **AARON PERRY**, and that upon there being no basis for any of the criminal charges having been instituted in the first instance against Plaintiff, **AARON PERRY**, Defendants' actions constitute malicious prosecution.

28. That by reason of the foregoing negligence on behalf of Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,**

7

Plaintiff, **AARON PERRY,** has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **AARON PERRY**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR FALSE IMPRISONMENT

29. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

30. That as a result of the foregoing, Plaintiff **AARON PERRY** was held, detained and incarcerated by Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** of the NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK, against his will and without just or any cause.

31. That Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** of the NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK, intentionally confined Plaintiff, **AARON PERRY,** who was aware of such confinement, within the definite physical boundaries of a police precinct, criminal courthouse holding cell, jail cell, and/or other place of incarceration, with no reasonable means to contest said unlawful detention.

32. That as a result of the foregoing, Plaintiff, **AARON PERRY**, was FALSELY IMPRISONED by the defendants herein, against his will and without just or any cause.

33. That by reason of the foregoing negligence on behalf of Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, Plaintiff, **AARON PERRY,** has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **AARON PERRY**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

35. That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** of the NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK, Plaintiff, **AARON PERRY** suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

36. That as a result of the foregoing intentional, extreme and outrageous acts of the Defendants, Plaintiff **AARON PERRY** suffered severe emotional and/or mental distress, all of which are permanent in nature, and that as a result of the foregoing, the Plaintiff, **AARON PERRY**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive

of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AND AS FOR A SEVENTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. §1983

37. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

38. That Defendants, in existence, employed, and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, failed to follow proper procedures in their conduct towards, and treatment of Plaintiff, **AARON PERRY,** all because of his race as an African-American, which was violative of Plaintiff's, **AARON PERRY,** right to due process and equal protection under the laws as guaranteed by the Constitution of the United States of America.

39. That by reason of the foregoing, Plaintiff, **AARON PERRY**, a citizen of the United States who had resided in the City, County and State of New York, was caused to be subjected to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to Title 42, Section 1983 of the United States Code.

40. That by reason of the foregoing negligence on behalf of Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** Plaintiff, **AARON PERRY,** has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **AARON PERRY**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED

THOUSAND ($2,500,000) DOLLARS.

**WHEREFORE**, Plaintiff, **AARON PERRY,** demands judgment against Defendants, **POLICE OFFICER JULIUS HUDSON and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS, together with costs and disbursements of this action.

Dated:  New York, NY
        September 19, 2012

                                Yours, etc.

                                _____
                                JUSTIN M. ROPER, ESQ. (7328)

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, AARON PERRY. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:   New York, New York
         September 19, 2012

                                        _____
                                        JUSTIN M. ROPER, ESQ. (JR7328)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RHONDA PERRY C/O A.P.,

                              Plaintiff,

– against –

POLICE OFFICER JULIUS HUDSON (SH: 20692),
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,

                              Defendants.

## SUMMONS & VERIFIED COMPLAINT

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
AARON PERRY
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

* Not for service of papers.